**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIWAN ALLEN, on behalf of herself and all others similarly situated, | ) | |
| Plaintiff, | ) | Case No.: 1:24-cv-5348 |
| v. | ) | Judge Sharon Johnson Coleman |
| MIDWEST EXPRESS CARE INC. d/b/a MIDWEST EXPRESS CLINIC | ) | Magistrate Judge Young B. Kim |
| Defendant. | ) | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Midwest Express Care Inc. d/b/a Midwest Express Clinic ("Midwest Express Clinic"), by and through its attorneys, moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Midwest Express Clinic states as follows:

1. Allen alleges that while visiting the website, she searched for information related to the medical treatment she was seeking and that the Midwest Express Clinic's website used Pixels and other tracking technology to send information about her searches to Facebook and, perhaps, others. According to Allen, she received targeted ads from either Facebook or Instagram concerning those searches after using Midwest Express Clinic's website. Allen contends Midwest Express Clinic's use of Pixels violates her rights under the federal Wiretap Act, as well as Illinois statutory and common law. *See generally* Compl., ECF No. 1.

2. Plaintiff's motion should be granted because she fails to state a claim upon which relief can be granted for the following reasons:

    a. Allen's claims under the Wiretap Act and the Illinois Eavesdropping Act fail as a matter of law because those statutes prohibit only third parties from intercepting communications. They do not prohibit a party to a

communication from disclosing the communication to others.

b. Allen's claim under the Wiretap Act also fails because she does not plausibly allege that Midwest Express Clinic intercepted communications for the purpose of committing a crime or tort.

c. Allen also fails to state a claim under the Illinois Eavesdropping Act because she does not allege that the communications were oral communications.

d. Allen's negligence claim fails because she does not plausibly allege that Midwest Express Clinic owed her a duty.

e. Allen fails to state an unjust enrichment claim for two reasons. First, she does not plausibly allege harm. Second, unjust enrichment is not a separate cause of action under Illinois law.

3. Midwest Express Clinic adopts the arguments set forth in its memorandum in support of this Motion.

WHEREFORE, Defendant Midwest Express Care Inc. d/b/a Midwest Express Clinic respectfully requests that this Court dismiss Plaintiff's complaint with prejudice and grant any and all other such relief as it deems just.

Dated: September 24, 2024

Respectfully submitted,
**MIDWEST EXPRESS CARE INC. d/b/a MIDWEST EXPRESS CLINIC**

By: *_/s/ Sandy L. Morris_*
One of its Attorneys

Sandy L. Morris (IL Bar No. 6270309)
Valentine Austriaco & Bueschel, P.C.
300 E. Randolph, Ste 3400
Chicago, IL 60601
(312) 238-9545
smorris@vablawfirm.com

Darren A. Craig (IN Bar. No. 25534-49)
Frost Brown Todd LLP
111 Monument Circle
Suite 4500
P.O. Box 44961
Indianapolis, IN 46244-0961
dcraig@fbtlaw.com

*Counsel for Defendant Midwest Express Care Inc.*
*d/b/a Midwest Express Clinic*

**CERTIFICATE OF SERVICE**

I, Sandy L. Morris, an attorney, hereby certify that on this 24th day of September, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

*/s/ Sandy L. Morris*